J-S27024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAVIER HUMBERTO TORO A/K/A | : | |
| JAVIER HUMBERTO TORO-DELGADO | : | |
| | : | No. 1727 EDA 2016 |
| Appellant | : | |

Appeal from the PCRA Order May 16, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0001159-2013,
CP-39-CR-0004647-2012, CP-39-CR-0004650-2012,
CP-39-CR-0004656-2012

BEFORE:  GANTMAN, P.J., OTT, J. and PLATT, J.[*]

MEMORANDUM BY OTT, J.:  **FILED JULY 11, 2017**

Javier Humberto Toro, a/k/a, Javier Humberto Toro-Delgado (Toro) appeals, *pro se*, from the order entered on May 16, 2016, in the Court of Common Pleas of Lehigh County, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*., without a hearing.  In this timely appeal, Toro claims his sentence is illegal pursuant to the United States Supreme Court decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013).[1]  After a thorough review of the submissions

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Alleyne*** held that any fact that, by law, increased the penalty for a crime is an element of that crime and must, therefore, be submitted to the jury and found beyond a reasonable doubt.  Because mandatory minimum
*(Footnote Continued Next Page)*

by the parties, relevant law, and the certified record, we find that Toro's PCRA petition was untimely filed and therefore we are without jurisdiction to address the substance of his claim. Accordingly, we affirm the order denying him relief.[2]

Instantly, the certified record demonstrates Toro entered into an open plea, regarding four separate docket numbers, before the Honorable William E. Ford on September 19, 2013. Toro pled guilty to two counts of robbery and single counts of theft by unlawful taking, simple assault, disorderly conduct, and driving while under suspension.[3] On November 4, 2013, following a presentence investigation and sentencing hearing, Toro received

_(Footnote Continued)_ ───────────

sentences increase the penalty, any factor relied upon to impose the mandatory minimum sentence must be submitted to the jury. Although Toro cites two different mandatory minimum sentencing statues in his Appellant's brief, we believe he is referring 42 Pa.C.S. § 9712, which imposed a five-year mandatory minimum sentence for visibly possessing a firearm during the commission of a crime of violence.

[2] The PCRA court did not address the timeliness issue. However, the Commonwealth has argued that Toro's petition was untimely and, as timeliness is a jurisdictional issue, we may raise that issue *sua sponte*. **See Commonwealth v. Blystone**, 119 A.3d 306, 311 (Pa. 2015) (appellate court may raise issue of jurisdiction *sua sponte*). We further note, "According to the 'right-for-any-reason' doctrine, appellate courts are not limited by the specific grounds raised by the parties or invoked by the court under review, but may affirm for any valid reason appearing as of record." **Commonwealth v. Fant**, 146 A.3d 1254, 1265 n.13 (Pa. 2016).

[3] 18 Pa.C.S. §§ 3701(a)(1)(ii), 3921(a), 2701(a)(1), 5503(a)(4) and 75 Pa.C.S. § 1543(a), respectively. In exchange for the plea, several other charges, including several firearms charges and additional robbery charges were withdrawn.

an aggregate term of 10 – 20 years' incarceration. The sentences on the robbery charges were 10 – 20 years' each; all sentences were concurrent. Toro did not file a direct appeal. Accordingly, his sentence became final on December 4, 2013, when the 30-day period allowed for filing a timely appeal expired.

On October 30, 2014, Toro filed his first PCRA petition. Counsel was appointed, the PCRA court denied him relief and on February 26, 2016, a panel of our Court affirmed. **See Commonwealth v. Toro**, 2016 WL 764775 (2/26/2016) (unpublished memorandum).

On April 26, 2016, more than 27 months after his sentence became final, Toro filed this, his second PCRA petition, alleging his sentence was illegal pursuant to the U.S. Supreme Court case, **Alleyne v. United States**, **supra**. Toro claims that **Alleyne**, which essentially rendered void a majority of Pennsylvania's mandatory minimum sentencing statutes, retroactively voided his sentence, rendering it illegal. The PCRA court, following Pa.R.Crim.P. 907 notice, denied Toro relief, having determined he had not presented a *prima facie* case for relief. While we agree with the PCRA court that Toro is not entitled to relief, we arrive at our resolution by different reasoning.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the petitioner's judgment of sentence became final. Here, Toro's judgment of sentence became final on December

4, 2013. The instant petition was not filed until April 26, 2016. The petition is facially untimely by more than two years. However, Toro attempts to avoid the timeliness requirements by invoking *Alleyne*. Toro argues *Alleyne* provided a substantive change to the law and thereby rendered the mandatory minimum sentencing statue that was applied to him void *ab initio* and, therefore, he is entitled to retroactive application of *Alleyne*. He further claims *Alleyne* removes his argument from the timeliness rules imposed by the PCRA.[4] His argument unavailing.

We have searched the certified record and nowhere is it recorded that Toro was subjected to the mandatory minimum sentencing provisions of 42 Pa.C.S. § 9712. Even if Toro's petition had been timely filed, *Alleyne* does not apply to his sentence, Toro would not obtain any benefit therefrom.

Because Toro's petition is untimely, and he has not pled nor proven any timeliness exception, he is not entitled to relief. Therefore, we affirm the PCRA court's order of May, 16, 2016, albeit on different grounds.

Order affirmed.

---

[4] To be clear, Toro is not claiming entitlement to any of the three statutory timeliness exceptions. He is arguing that such requirements do not apply given that his sentence was never legal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2017